DOCKET NO. 201A

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

IN RE SUGAR INDUSTRY ANTITRUST LITIGATION (EAST COAST) MAR 18 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

Commonwealth of Virginia v. Amstar, et al., E.D. Va.
    Civil Action No. 77-0032-R
Shopwell Inc., et al. v. Amstar, et al., E.D. N.Y.
    Civil Action No. 76 C 1757

3/18/77

## TRANSFER ORDER

It appearing that all parties to the above-captioned actions either agree on the desirability of or do not oppose transfer* of those actions from the Eastern District of Virginia and the Eastern District of New York to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 previously ordered in this litigation and pending in that district before the Honorable Edward N. Cahn, and the Panel having found upon consideration of the complaints that the above-captioned actions share common questions of fact with the previously transferred actions and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation,

IT IS ORDERED that the above-captioned actions be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Edward N. Cahn for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions previously transferred to that district.

FOR THE PANEL

*John Minor Wisdom*

John Minor Wisdom
Chairman

---

*No responses to the Panel's order to show cause why the above-captioned actions should not be transferred to the Eastern District of Pennsylvania for inclusion in MDL-201A were submitted for filing, and thus all parties are deemed to have acquiesced to transfer of these actions under Section 1407. See Rules 7 and 8, R.P.J.P.M.L., 65 F.R.D. 253, 258-59 (1975).

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE SUGAR INDUSTRY ANTITRUST )          DOCKET NO. 201
LITIGATION (EAST COAST)        )

State of Connecticut v. Amstar Corp., et. al., D.
Connecticut, Civil Action No. H-77-181
Crown Beverage Corp. v. CPC International Inc., et. al.,
E. D. New York, Civil Action No. 77-C-670
City Club Beverage Corp., et. al. v. SuCrest Corp., et. al.,
E. D. New York, Civil Action No. 77-C-639

OPINION AND ORDER

————————

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN
A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL, ANDREW A.
CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL

————————

PER CURIAM

On January 17, 1977, the Panel issued an opinion and order that
maintained bifurcated pretrial proceedings in this litigation:  MDL-201
before the Honorable George H. Boldt in the Northern District of
California and MDL-201A before the Honorable Edward N. Cahn in the
Eastern District of Pennsylvania.  In re Sugar Industry Antitrust
Litigation, 427 F. Supp. 1018 (J.P.M.L. 1977).  The complaints
in both MDL-201 and MDL-201A followed the Government's complaints
in two criminal actions and three injunctive actions filed in
the Northern District of California in late 1974, and basically
allege that various defendants and co-conspirators combined
from as early as 1949 until the mid-1970's in violation of
Section 1 of the Sherman Act to fix, raise, maintain and

stabilize the price of refined cane and/or beet sugar on a regional basis. [1]

On March 30, 1977, a federal grand jury in the Eastern District of New York indicted four companies on charges that they conspired in violation of Section 1 of the Sherman Act to fix the price of cane sugar sold for industrial purposes. According to the indictment, the alleged price-fixing began in August 1972, shortly after Amstar Corporation announced a new pricing policy that eliminated discounts and provided that all sales of refined industrial sugar were to be made at list prices. The indictment alleges that the four defendants -- SuCrest Corp.; PepsiCo, Inc.; RSN Projects, Inc.; and CPC International, Inc. [2] -- discussed Amstar's policy with each other and agreed to initiate similar policies in a fifteen state area in the Northeast.  This unlawful conduct continued until September 1973, the indictment alleges.  On May 19, 1977, the four defendants pleaded no contest to these charges.

---

[1]  MDL-201 deals with alleged price-fixing in the California-Arizona, Intermountain-Northwest and Chicago-West markets; MDL-201A is concerned with allegedly similar activity in the District of Columbia and 25 states located in the Eastern portion of the United States.  Several actions in which a national conspiracy is alleged are also included in MDL-201.  Judge Boldt recently declined to certify various classes in several of the actions that contain allegations of a national conspiracy.  See In re Sugar Industry Antitrust Litigation, MDL-201 (N.D. Cal., filed July 8, 1977).

[2]   Sucrest, RSN and CPC are defendants in both MDL-201 and MDL-201A. Until recently, PepsiCo was involved in this litigation only as a member of the plaintiff industrial user classes certified in MDL-201 and MDL-201A.  Besides purchasing large quantities of sugar, however, PepsiCo maintained a relatively small sugar refinery in Long Island City, New York for several years.  This refinery was closed in May 1974.  Judge Cahn has recently denied a motion by various plaintiffs to add PepsiCo as a defendant in all but one of the actions in MDL-201A.  In addition, PepsiCo has been named as a defendant in an action recently filed by the State of Georgia in the Eastern District of Pennsylvania and included in MDL-201A.  See Rule 10(a), R.P.J.P.M.L. 65 F.R.D. 253, 260 (1975).

Shortly after the Eastern District of New York grand jury handed down its indictment, City Club and Crown Beverage were commenced in the Eastern District of New York against the four defendants named in that indictment.   The complaints in City Club and Crown Beverage track the allegations of the New York indictment. Both actions are brought on behalf of a class of all purchasers of industrial cane sugar from SuCrest, PepsiCo, RSN and CPC in the fifteen states covered by the recent indictment.

Connecticut was filed by the State of Connecticut as a class action on behalf of the state and its political subdivisions. Fourteen defendants, including SuCrest, RSN, CPC and PepsiCo, are named in this action.   The complaint alleges that these fourteen defendants and various co-conspirators combined in violation of Section 1 of the Sherman Act to fix and raise the price of all forms of refined cane and/or beet sugar in the states covered by the New York indictment.   The allegations of the complaint cover a time period commencing sometime prior to 1970 and continuing to at least December 1974.

Because City Club, Crown Beverage and Connecticut appeared to share questions of fact with the actions in MDL-201A, the Panel issued orders conditionally transferring these three actions to

3/

the Eastern District of Pennsylvania for inclusion in MDL-201A.

PepsiCo and plaintiffs in Crown Beverage and City Club have moved

to vacate the conditional transfer orders.  All responding parties

favor the inclusion of Connecticut, City Club and Crown Beverage

in MDL-201A.  We find that these three actions raise questions

of fact common to the previously transferred actions and that

their transfer to the Eastern District of Pennsylvania pursuant

to Section 1407 will best serve the convenience of the parties

and witnesses and promote the just and efficient conduct of

the litigation.

All movants argue that the disparate conspiracy issues,

time periods, geographic markets, products and damages issues

involved in Crown Beverage and City Club as compared to the actions

in MDL-201A do not give rise to significant common questions of

fact.

Plaintiffs in Crown Beverage and  City Club also

contend that inclusion of those two actions in MDL-201A

would unduly delay their progress and would not serve

---

3/  Two other recently filed actions came to the Panel's attention
too late to be included in the June Panel hearing.  The complaint
in Martin Beverage Co., Inc.,v. PepsiCo Inc., et. al., S.D.N.Y.,
Civil Action No. 77-Civ-2621, is brought on behalf of a class of all
industrial cane sugar purchasers in the State of New York, tracks
the allegations of the New York indictment, and names PepsiCo, SuCrest,
RSN and CPC as defendants.  The complaint in South Carolina v. Amstar
Corp., et al., D. South Carolina, Civil Action No. 77-897, is brought
by the State of South Carolina on behalf of itself and its political
subdivisions, includes allegations similar to those in the complaints
in the actions in MDL-201A, and names fifteen defendants, including
PepsiCo, SuCrest, RSN and CPC.  Martin Beverage and South Carolina
will also be treated as tag-along actions.  See Rules 1, 9 and 10,
R.P.J.P.M.L. 65 F.R.D. 253, 255, 259-60 (1975).

the convenience of the parties and witnesses.  Discovery
in Crown Beverage and City Club will be much less extensive
than that in MDL-201A, and will be conducted almost exclusively
in the Eastern District of New York, these plaintiffs assert.
They argue that all relevant grand jury documents are
located in that district, and that since all parties in Crown
Beverage and City Club have their headquarters in the New York
metropolitan area, their documents and many potential
witnesses are located there.  Finally, these plaintiffs maintain
that they will make every effort voluntarily to coordinate their
discovery efforts with those of the parties in MDL-201A in the
limited areas in which discovery in Crown Beverage and City Club
may overlap with discovery in MDL-201A.

PepsiCo argues that the orders conditionally transferring
Connecticut, Crown Beverage and City Club to MDL-201A should be
vacated because coordinated or consolidated pretrial proceedings in-
volving these three recently filed actions, in which PepsiCo is
a defendant, and the actions in MDL-201A, in which PepsiCo is a
member of the plaintiff industrial user class, would not promote
the just and efficient conduct of this litigation.[4/]  In defining
the industrial user class in MDL-201A, PepsiCo states, Judge Cahn
excluded all defendants in any action included in MDL-201A.  See
In re Sugar Industry Antitrust Litigation, 73 F.R.D. 322, 359
(E.D. Pa. 1976).  PepsiCo contends that while the plaintiffs

_____

4/   All responding parties in Connecticut, including PepsiCo,
agree that this action raises essentially the same allegations
as those involved in the actions in MDL-201A.

in the three recently filed actions have the right to sue
PepsiCo, if at this late date those actions are included in
MDL-201A, the provision excluding defendants from the industrial
user class may serve to deprive PepsiCo of its rights as a
member of the plaintiffs' class.

Even if Judge Cahn were to seek to protect PepsiCo's
status as a plaintiff by redefining the classes to permit PepsiCo
to be both a plaintiff and a defendant in MDL-201A, the efficient
conduct of the litigation would be impeded, PepsiCo asserts.
PepsiCo points out that Judge Cahn has appointed lead and liaison
counsel for both plaintiffs and defendants in MDL-201A.  Since
PepsiCo would have an adverse interest to both groups, it would
not be welcomed as a member of either group, PepsiCo asserts.
Therefore, neither group would be in a position at any time to
represent all plaintiffs or all defendants.  The impact on the
speed with which the litigation could be concluded, as well as
the impact on PepsiCo's rights both as a plaintiff and a defendant,
might be severe, PepsiCo argues.

These arguments are not persuasive.  A thorough review of
the complaints in Crown Beverage, City Club, Connecticut and
the actions in MDL-201A reveals that all the factual issues
raised in Crown Beverage, City Club and Connecticut already
are encompassed within the proceedings before Judge Cahn.  In
addition, the classes sought in Crown Beverage and City Club
are subsumed in the industrial user class certified by Judge
Cahn, and the class sought in Connecticut is subsumed within the

purported classes in two actions in MDL-201A, <u>City of Philadelphia</u>
and <u>School District of Philadelphia</u>.  Therefore, inclusion of
these three actions in the Section 1407 proceedings in MDL-201A
is necessary in order to ensure the prevention of duplicative
discovery and eliminate the possibility of inconsistent class
and other pretrial rulings.

The fear of plaintiffs in <u>Crown Beverage</u> and <u>City Club</u>
that inclusion of their actions in MDL-201A may unduly prolong
those two actions is clearly unwarranted.  All documents pro-
vided to the New York grand jury by defendants SuCrest, RSN and
CPC<sup>5/</sup> have already been discovered in MDL-201A, and plaintiffs
in MDL-201A have offered to provide plaintiffs in <u>Crown Beverage</u>
and <u>City Club</u> with access to these and other already discovered
documents relevant to those two actions.  <u>See</u> <u>also</u> <u>Manual for</u>
<u>Complex Litigation</u>, Parts I and II, §§3.11 (rev. ed. 1973).
Furthermore, plaintiffs in MDL-201A represent that
they have scheduled numerous depositions in the next few
months, including depositions of employees and former employees
of the four defendants named in <u>Crown Beverage</u> and <u>City Club</u>.
Judges Boldt and Cahn have entered a joint discovery procedures
order in MDL-201 and MDL-201A providing that all parties who do
not attend a particular deposition shall have an opportunity to
review a transcript of the deposition and  conduct a delayed
examination on any matters not fully covered that might affect
their interests.  <u>See</u> <u>Manual</u>, <u>supra</u>, Parts I and II, §§2.31.

---

5/   PepsiCo has not yet provided to plaintiffs in MDL-201A the
documents it produced in response to the New York grand jury
subpoenas.

- 8 -

Thus participation in the MDL-201A plaintiffs' discovery program
will fully protect the interests of plaintiffs in Crown Beverage
and City Club while at the same time minimize all parties'
overall expense. Moreover, we note that in MDL-201A Judge Cahn
has established a discovery cut-off date of November 1, 1977,
and a trial date of April 15, 1978.

Finally, we are of the view that PepsiCo's concern about
the role or roles that it shall continue to play in MDL-201A
is most properly addressed to Judge Cahn. He has become
thoroughly familiar with all the issues involved in this
complex litigation, and therefore is clearly in the best
position to fully consider and monitor the effects of all the
issues presented by PepsiCo concerning its participation in
MDL-201A.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407,
the actions entitled State of Connecticut v. Amstar Corp., et al.,
D. Conn., Civil Action No. H-77-181; Crown Beverage Corp. v.
CPC International Inc., et al., E.D. New York, Civil Action No.
77-C-670; and City Club Beverage Corp., et al. v. SuCrest Corp.,
et al., E.D. New York, Civil Action No. 77-C-639, be, and the
same hereby are, transferred to the Eastern District of
Pennsylvania and, with the consent of that court, assigned to
the Honorable Edward N. Cahn for coordinated or consolidated
pretrial proceedings with the actions already pending there
in MDL-201A.