DOCKET NO. 201A

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SUGAR INDUSTRY ANTITRUST LITIGATION (EAST COAST)

<u>Commonwealth of Virginia v. Amstar, et al.</u>, E.D. Va.
  Civil Action No. 77-0032-R
<u>Shopwell Inc., et al. v. Amstar, et al.</u>, E.D. N.Y.
  Civil Action No. 76 C 1757

## TRANSFER ORDER

It appearing that all parties to the above-captioned actions either agree on the desirability of or do not oppose transfer* of those actions from the Eastern District of Virginia and the Eastern District of New York to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 previously ordered in this litigation and pending in that district before the Honorable Edward N. Cahn, and the Panel having found upon consideration of the complaints that the above-captioned actions share common questions of fact with the previously transferred actions and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation,

IT IS ORDERED that the above-captioned actions be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Edward N. Cahn for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions previously transferred to that district.

FOR THE PANEL

*/s/ John Minor Wisdom*
John Minor Wisdom
Chairman

---

*No responses to the Panel's order to show cause why the above-captioned actions should not be transferred to the Eastern District of Pennsylvania for inclusion in MDL-201A were submitted for filing, and thus all parties are deemed to have acquiesced to transfer of these actions under Section 1407. <u>See</u> Rules 7 and 8, R.P.J.P.M.L., 65 F.R.D. 253, 258-59 (1975).

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE SUGAR INDUSTRY ANTITRUST )
LITIGATION (EAST COAST)        )

DOCKET NO. 201A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
AUG 23 1977
PATRICIA D. HOWARD
CLERK OF THE PANEL

8/23/77

State of Connecticut v. Amstar Corp., et. al., D.
    Connecticut, Civil Action No. H-77-181
Crown Beverage Corp. v. CPC International Inc., et. al.,
    E. D. New York, Civil Action No. 77-C-670
City Club Beverage Corp., et. al. v. SuCrest Corp., et. al.,
    E. D. New York, Civil Action No. 77-C-639

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL

PER CURIAM

On January 17, 1977, the Panel issued an opinion and order that maintained bifurcated pretrial proceedings in this litigation: MDL-201 before the Honorable George H. Boldt in the Northern District of California and MDL-201A before the Honorable Edward N. Cahn in the Eastern District of Pennsylvania. In re Sugar Industry Antitrust Litigation, 427 F. Supp. 1018 (J.P.M.L. 1977). The complaints in both MDL-201 and MDL-201A followed the Government's complaints in two criminal actions and three injunctive actions filed in the Northern District of California in late 1974, and basically allege that various defendants and co-conspirators combined from as early as 1949 until the mid-1970's in violation of Section 1 of the Sherman Act to fix, raise, maintain and

stabilize the price of refined cane and/or beet sugar on a regional basis.[1]/

On March 30, 1977, a federal grand jury in the Eastern District of New York indicted four companies on charges that they conspired in violation of Section 1 of the Sherman Act to fix the price of cane sugar sold for industrial purposes. According to the indictment, the alleged price-fixing began in August 1972, shortly after Amstar Corporation announced a new pricing policy that eliminated discounts and provided that all sales of refined industrial sugar were to be made at list prices. The indictment alleges that the four defendants -- SuCrest Corp.; PepsiCo, Inc.; RSN Projects, Inc.; and CPC International, Inc.[2]/ -- discussed Amstar's policy with each other and agreed to initiate similar policies in a fifteen state area in the Northeast. This unlawful conduct continued until September 1973, the indictment alleges. On May 19, 1977, the four defendants pleaded no contest to these charges.

---

[1]/ MDL-201 deals with alleged price-fixing in the California-Arizona, Intermountain-Northwest and Chicago-West markets; MDL-201A is concerned with allegedly similar activity in the District of Columbia and 25 states located in the Eastern portion of the United States. Several actions in which a national conspiracy is alleged are also included in MDL-201. Judge Boldt recently declined to certify various classes in several of the actions that contain allegations of a national conspiracy. See In re Sugar Industry Antitrust Litigation, MDL-201 (N.D. Cal., filed July 8, 1977).

[2]/ Sucrest, RSN and CPC are defendants in both MDL-201 and MDL-201A. Until recently, PepsiCo was involved in this litigation only as a member of the plaintiff industrial user classes certified in MDL-201 and MDL-201A. Besides purchasing large quantities of sugar, however, PepsiCo maintained a relatively small sugar refinery in Long Island City, New York for several years. This refinery was closed in May 1974. Judge Cahn has recently denied a motion by various plaintiffs to add PepsiCo as a defendant in all but one of the actions in MDL-201A. In addition, PepsiCo has been named as a defendant in an action recently filed by the State of Georgia in the Eastern District of Pennsylvania and included in MDL-201A. See Rule 10(a), R.P.J.P.M.L. 65 F.R.D. 253, 260 (1975).

Shortly after the Eastern District of New York grand jury handed down its indictment, City Club and Crown Beverage were commenced in the Eastern District of New York against the four defendants named in that indictment. The complaints in City Club and Crown Beverage track the allegations of the New York indictment. Both actions are brought on behalf of a class of all purchasers of industrial cane sugar from SuCrest, PepsiCo, RSN and CPC in the fifteen states covered by the recent indictment.

Connecticut was filed by the State of Connecticut as a class action on behalf of the state and its political subdivisions. Fourteen defendants, including SuCrest, RSN, CPC and PepsiCo, are named in this action. The complaint alleges that these fourteen defendants and various co-conspirators combined in violation of Section 1 of the Sherman Act to fix and raise the price of all forms of refined cane and/or beet sugar in the states covered by the New York indictment. The allegations of the complaint cover a time period commencing sometime prior to 1970 and continuing to at least December 1974.

Because City Club, Crown Beverage and Connecticut appeared to share questions of fact with the actions in MDL-201A, the Panel issued orders conditionally transferring these three actions to

the Eastern District of Pennsylvania for inclusion in MDL-201A.[3/] PepsiCo and plaintiffs in Crown Beverage and City Club have moved to vacate the conditional transfer orders. All responding parties favor the inclusion of Connecticut, City Club and Crown Beverage in MDL-201A. We find that these three actions raise questions of fact common to the previously transferred actions and that their transfer to the Eastern District of Pennsylvania pursuant to Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

All movants argue that the disparate conspiracy issues, time periods, geographic markets, products and damages issues involved in Crown Beverage and City Club as compared to the actions in MDL-201A do not give rise to significant common questions of fact.

Plaintiffs in Crown Beverage and City Club also contend that inclusion of those two actions in MDL-201A would unduly delay their progress and would not serve

---

[3/] Two other recently filed actions came to the Panel's attention too late to be included in the June Panel hearing. The complaint in Martin Beverage Co., Inc., v. PepsiCo Inc., et. al., S.D.N.Y., Civil Action No. 77-Civ-2621, is brought on behalf of a class of all industrial cane sugar purchasers in the State of New York, tracks the allegations of the New York indictment, and names PepsiCo, SuCrest, RSN and CPC as defendants. The complaint in South Carolina v. Amstar Corp., et al., D. South Carolina, Civil Action No. 77-897, is brought by the State of South Carolina on behalf of itself and its political subdivisions, includes allegations similar to those in the complaints in the actions in MDL-201A, and names fifteen defendants, including PepsiCo, SuCrest, RSN and CPC. Martin Beverage and South Carolina will also be treated as tag-along actions. See Rules 1, 9 and 10, R.P.J.P.M.L. 65 F.R.D. 253, 255, 259-60 (1975).

-5-

the convenience of the parties and witnesses. Discovery in <u>Crown Beverage</u> and <u>City Club</u> will be much less extensive than that in MDL-201A, and will be conducted almost exclusively in the Eastern District of New York, these plaintiffs assert. They argue that all relevant grand jury documents are located in that district, and that since all parties in <u>Crown Beverage</u> and <u>City Club</u> have their headquarters in the New York metropolitan area, their documents and many potential witnesses are located there. Finally, these plaintiffs maintain that they will make every effort voluntarily to coordinate their discovery efforts with those of the parties in MDL-201A in the limited areas in which discovery in <u>Crown Beverage</u> and <u>City Club</u> may overlap with discovery in MDL-201A.

PepsiCo argues that the orders conditionally transferring <u>Connecticut</u>, <u>Crown Beverage</u> and <u>City Club</u> to MDL-201A should be vacated because coordinated or consolidated pretrial proceedings involving these three recently filed actions, in which PepsiCo is a defendant, and the actions in MDL-201A, in which PepsiCo is a member of the plaintiff industrial user class, would not promote the just and efficient conduct of this litigation.[4/] In defining the industrial user class in MDL-201A, PepsiCo states, Judge Cahn excluded all defendants in any action included in MDL-201A. <u>See</u> <u>In re Sugar Industry Antitrust Litigation</u>, 73 F.R.D. 322, 359 (E.D. Pa. 1976). PepsiCo contends that while the plaintiffs

---

4/ All responding parties in <u>Connecticut</u>, including PepsiCo, agree that this action raises essentially the same allegations as those involved in the actions in MDL-201A.

in the three recently filed actions have the right to sue PepsiCo, if at this late date those actions are included in MDL-201A, the provision excluding defendants from the industrial user class may serve to deprive PepsiCo of its rights as a member of the plaintiffs' class.

Even if Judge Cahn were to seek to protect PepsiCo's status as a plaintiff by redefining the classes to permit PepsiCo to be both a plaintiff and a defendant in MDL-201A, the efficient conduct of the litigation would be impeded, PepsiCo asserts. PepsiCo points out that Judge Cahn has appointed lead and liaison counsel for both plaintiffs and defendants in MDL-201A. Since PepsiCo would have an adverse interest to both groups, it would not be welcomed as a member of either group, PepsiCo asserts. Therefore, neither group would be in a position at any time to represent all plaintiffs or all defendants. The impact on the speed with which the litigation could be concluded, as well as the impact on PepsiCo's rights both as a plaintiff and a defendant, might be severe, PepsiCo argues.

These arguments are not persuasive. A thorough review of the complaints in Crown Beverage, City Club, Connecticut and the actions in MDL-201A reveals that all the factual issues raised in Crown Beverage, City Club and Connecticut already are encompassed within the proceedings before Judge Cahn. In addition, the classes sought in Crown Beverage and City Club are subsumed in the industrial user class certified by Judge Cahn, and the class sought in Connecticut is subsumed within the

purported classes in two actions in MDL-201A, <u>City of Philadelphia</u> and <u>School District of Philadelphia</u>. Therefore, inclusion of these three actions in the Section 1407 proceedings in MDL-201A is necessary in order to ensure the prevention of duplicative discovery and eliminate the possibility of inconsistent class and other pretrial rulings.

The fear of plaintiffs in <u>Crown Beverage</u> and <u>City Club</u> that inclusion of their actions in MDL-201A may unduly prolong those two actions is clearly unwarranted. All documents provided to the New York grand jury by defendants SuCrest, RSN and CPC$^{5/}$ have already been discovered in MDL-201A, and plaintiffs in MDL-201A have offered to provide plaintiffs in <u>Crown Beverage</u> and <u>City Club</u> with access to these and other already discovered documents relevant to those two actions. <u>See also</u> <u>Manual for Complex Litigation</u>, Parts I and II, §§3.11 (rev. ed. 1973). Furthermore, plaintiffs in MDL-201A represent that they have scheduled numerous depositions in the next few months, including depositions of employees and former employees of the four defendants named in <u>Crown Beverage</u> and <u>City Club</u>. Judges Boldt and Cahn have entered a joint discovery procedures order in MDL-201 and MDL-201A providing that all parties who do not attend a particular deposition shall have an opportunity to review a transcript of the deposition and conduct a delayed examination on any matters not fully covered that might affect their interests. <u>See</u> <u>Manual</u>, <u>supra</u>, Parts I and II, §§2.31.

---

5/   PepsiCo has not yet provided to plaintiffs in MDL-201A the documents it produced in response to the New York grand jury subpoenas.

Thus participation in the MDL-201A plaintiffs' discovery program will fully protect the interests of plaintiffs in Crown Beverage and City Club while at the same time minimize all parties' overall expense. Moreover, we note that in MDL-201A Judge Cahn has established a discovery cut-off date of November 1, 1977, and a trial date of April 15, 1978.

Finally, we are of the view that PepsiCo's concern about the role or roles that it shall continue to play in MDL-201A is most properly addressed to Judge Cahn. He has become thoroughly familiar with all the issues involved in this complex litigation, and therefore is clearly in the best position to fully consider and monitor the effects of all the issues presented by PepsiCo concerning its participation in MDL-201A.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions entitled State of Connecticut v. Amstar Corp., et al., D. Conn., Civil Action No. H-77-181; Crown Beverage Corp. v. CPC International Inc., et al., E.D. New York, Civil Action No. 77-C-670; and City Club Beverage Corp., et al. v. SuCrest Corp., et al., E.D. New York, Civil Action No. 77-C-639, be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Edward N. Cahn for coordinated or consolidated pretrial proceedings with the actions already pending there in MDL-201A.